FERGUSON *vs.* TUCKER.—June, 1828.

No principle of pleading is more firmly settled, than that whether the action be in debt, *assumpsit*, or tort, if it be necessary to allege a contract, such allegation requires corresponding proof.

In an action for harbouring an apprentice, to entitle the plaintiff to recover, he must allege the tenor, or substance, and legal effect of the indenture of apprenticeship.

Where a plaintiff, in attempting to conform to this requisition, averred, "that H, then and from thence hitherto," (that is, until the date of issuing the writ,) was his apprentice, his statement is falsified by proof, which showed that the contract of apprenticeship, had ended prior to that time; and those words being of the very substance of the contract declared on, could not be rejected as surplusage, and, therefore, he could not recover.

In such action a knowledge of the apprenticeship by the defendant, is an indispensable requisite to recovery.

Although at the time of hiring an apprentice, a defendant may have been ignorant of the apprenticeship; yet if after obtaining that information he continues to harbour him, he is liable to an action at the suit of the master, without any proof of either a demand, or refusal.

As soon as the new master acquires a knowledge of the apprenticeship, he is bound to discharge the apprentice, that he may not hold out to him an inducement not to return to his original master.

That prerogative of the court which authorises them to withdraw from the jury the consideration of the facts, is never exercised but in cases where the evidence is so indefinite and unsatisfactory, that nothing but wild irra-

tional conjecture, and licentious speculation, could induce a jury to pronounce the verdict which is sought at their hands.

Where an apprentice absconded on the *first* of the month, and notice of that fact, with a caution against harbouring him, was published in a daily paper on the *fourth*, which paper was taken by the defendant, in whose employment the apprentice had been from the *first*, and afterwards continued; and the defendant afterwards being applied to by the master, for payment of his apprentice's services, was informed that he was an apprentice to the plaintiff, refused to pay for his services, and expressed no surprize at such information, nor pretended that he had been previously ignorant, of his so being an apprentice, such proof is proper to be weighed by a jury, who are to determine whether the defendant knew after the *fourth*, that the person in his employment was an apprentice; and the court ought not in such case, to say that the jury could not find such knowledge.

An unnecessary averment of a breach or infringement of a contract declared on, need not be proved, and may be rejected as surplusage.

APPEAL from *Baltimore* County Court. The plaintiff in that court, (now appellee,) brought an action on the case against the appellant, (the defendant therein,) on the 17th of July 1822. The declaration contained *two counts*—1. That *John Holland,* on the 1st of July 1821, at, &c. "was, and from thenceforth hitherto hath been, the apprentice and servant of the plaintiff, and as *such apprentice and servant,* then and there, to wit, on, &c. at, &c. lived and resided with the plaintiff; yet the defendant, well knowing the premises, but contriving, &c. to injure the plaintiff, &c. on, &c. at, &c. wrongfully and unjustly, and without the license and consent, and against the will of the plaintiff, persuaded, procured and enticed the said *Holland, so* then and there being the apprentice and servant of the plaintiff, to absent himself, and depart from the service of the plaintiff, to wit, &c. On pretext of which said persuasion, &c. the said *Holland,* the apprentice and servant of the plaintiff, afterwards, to wit, &c. at, &c. without the license, &c. of the plaintiff, wrongfully and injuriously departed and absented himself from the service of the plaintiff, and continued absent and apart from his said service for a long time, to wit, from thence for the space of twelve months, then next ensuing; whereby the plaintiff, during all that time, wholly lost the benefit, &c. which by reason of the service of his said apprentice he might and ought to have had and received, and otherwise should and would have received."

2 *Count.* That afterwards, to wit, on, &c. at, &c. "one other *John Holland,* then and from thence hitherto, being a certain other apprentice and servant of the plaintiff, unlawfully, and without the license, and against the will of the plaintiff, departed and went away from the service of the plaintiff, and then and there went and came to the defendant; yet the defendant, well knowing the said *Holland,* the said last mentioned apprentice, to be the servant and apprentice of the plaintiff as aforesaid, then and there received the said *Holland,* and wholly refused to deliver him to the plaintiff, his master, although so to do, to wit, on, &c. and often times since, at, &c. he was requested by the plaintiff; but the defendant unlawfully detained and entertained and kept the said *Holland,* so being the apprentice of the plaintiff, from his said service, from the 1st of July 1821, for a long space of time, to wit, for the space of twelve months from thence next ensuing; whereby the plaintiff wholly lost the profit, &c. which he, by reason of the service of the said *Holland,* during all that time ought and might have had and received, and otherwise should and would have had and received, to wit, at, &c. to the damage of the plaintiff in the sum of," &c. The defendant pleaded not guilty, and issue was joined.

At the trial the plaintiff read in evidence an indenture of apprenticeship, dated the 10th of May 1817, and which it was admitted was executed by the several parties thereto, and approved and recorded, as thereby and thereon appeared. By this indenture two justices of the peace of *Baltimore* county placed and bound out, by and with the consent of his mother, *John Holland,* an orphan boy 13 years old, on the 4th of March then last past, to *James Tucker,* until he attained the age of 21 years; and that he was to be taught the trade of a cordwainer, &c. The plaintiff further gave in evidence, that one of the parties to the said indenture, *John Holland,* the apprentice named in the said indenture, is the same person mentioned in the plaintiff's declaration; and that *James Tucker,* one of the parties thereto, is the plaintiff. He further gave in evidence that the said apprentice, *John Holland,* after the date of the said indenture continued, by virtue of the said indenture, to

live with the plaintiff as an apprentice, until the 1st of July 1821, when he absconded from the service of the plaintiff, without cause, and without the leave or license of the plaintiff, and on the same day shipped on board a vessel in the port of *Baltimore*, belonging to the defendant, with the knowledge and by the request of the defendant. He further gave evidence, that the said apprentice continued in the defendant's employ for eleven months after the 1st of July 1821, and that the value of his services, during that time, was four dollars a week, net profit. He also gave in evidence, that on the 4th of July 1821, he caused an advertisement to be inserted in the newspaper in the city of *Baltimore*, called *The American*, offering a reward for the apprehension of the said apprentice; and that the defendant, during the time in which the said advertisement appeared in the said newspaper, was a subscriber to the said paper, and received it daily. The advertisement was as follows: "Six Cents Reward. Ran away from the subscriber, on Sunday the first of July, an apprentice to the cordwaining business, named *John Holland*, aged about 17 years, 5 feet," &c. "Masters of vessels, and all others, are forewarned not to harbour in any manner whatsoever said boy, as the law will be put in force to the utmost. The above reward will be given if brought home, and no charges paid." Dated the 4th of July, and signed by the plaintiff. It was certified by the publishers of the newspaper to have been inserted every other day for four times, commencing on the 4th of July 1821. The plaintiff further gave in evidence, that when the defendant was called on for payment on account of the said services rendered by the said apprentice to the defendant, the latter absolutely refused to pay any thing; and being told that he was an apprentice to the plaintiff, he expressed no surprise at such a declaration, nor pretended that he had been previously ignorant of his so being an apprentice. The defendant then offered in evidence a record of proceedings in *Baltimore* city court, by which the said apprentice was, on the 1st of July 1822, on his petition, and the consent of the plaintiff, discharged from his indenture to the plaintiff, he ceasing to be a cordwainer, and bound for the residue of his time to *David Bangs*, to be taught the trade of a cordwainer, &c. The defendant then prayed the opinion of

the court, and their direction to the jury, that upon all the evidence and the pleadings in the cause, the plaintiff was not entitled to recover. Which opinion the Court, [*Hanson*, A. J.] refused to give. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Meredith*, and *R. Johnson*, for the Appellant. The declaration of the plaintiff below contains two counts—1. That the defendant *knowingly* enticed away an apprentice of the plaintiff. 2. That the defendant *knowingly* harboured the said apprentice. The declaration avers, in both of the counts, that *Holland* was the apprentice of the plaintiff at the time he left his service, and that he continued to be so *until suit brought*. The proof at the trial was, that *Holland* was duly discharged from the plaintiff's service before the institution of the suit. They contended that judgment of the court below was erroneous—1. Because the averment in the declaration that *Holland* continued *till suit brought*, to be the apprentice of the plaintiff, was a part of the necessary averment that he was his apprentice when enticed away or harboured by the defendant, and could not be rejected as surplusage, but must be proved. 2. Because the averment of the apprentice having been enticed away or harboured by the defendant, with a *knowledge* that he was the apprentice of the *plaintiff*, was a material averment; and that there was no sufficient evidence of it in the record. 3. Because there was no evidence to show that there was any demand or request ever made by the plaintiff of the defendant to discharge *Holland*, the apprentice, during the time he was in the defendant's service; and that such a demand or request in this form of action, was necessary to support it.

On the *first point*, they cited 1 *Chitty's Plead.* 231, 306. 2 *Chitty's Plead.* 389. *Bristow v Wright & Pugh*, 2 *Doug.* 664. *Rogers v Allen*, 1 *Campb.* 309, 313. *Weall v King*, 12 *East*, 452. *Abitbol v Bristow*, 1 *Serg. & Lowb.* 454. *James v Le Roy*, 6 *Johns. Rep.* 274.

On the *second point*, they cited *Fores v Wilson. Peake's N. P. Cas.* 55. *Peake's Evid.* 334. *Norr. Peake*, 544, 545. 3 *Blk.*

*Com.* 142. *Winsmore v Greenbank, Willes,* 582. 3 *Stark. Evid.* 1310. *Rowley v Horne,* 11 *Serg. & Lowb.* 1. 1 *Phill. Evid.* 306. *Davis v Davis,* 7 *Harr. & Johns.* 36.

On the *third point,* they cited *Peake's Evid.* 334. *Norr. Peake,* 545. 3 *Blk. Com.* 142. 3 *Stark. Evid.* 1310. 1 *Chitty's Plead.* 322 to 324. *Winsmore v Greenbank, Willes,* 582; and the *act* of 1793, *ch.* 45.

*Williams,* (District Attorney of *U. S.*) for the Appellee. On the *first point* made by the appellant's counsel, he insisted, 1st. That it was admitted, and so was the law, that it need not be averred in the declaration that the apprenticeship continued until suit brought; but it was sufficient that the apprenticeship existed during the harbouring by the defendant. 4 *Bac. Ab.* tit. *Master & Servant,* (O) 593. 2d. That the averment, that it continued until suit brought, was impertinent, and therefore surplusage, which never vitiates. 1 *Chitty's Plead.* 232, 306. 6 *Com. Dig.* tit. *Pleader,* (C. 28,) 60, *(New Ed.)* *Hoar v Mill,* 4 *Maule & Selw.* 470. *Allaire v Ouland,* 2 *Johns. Cas.* 52. *Lansing v M'Killip,* 3 *Caine's Rep.* 286. *Jerome v Whitney,* 7 *Johns. Rep.* 321. *Coke Litt.* 303. b. *Bristow v Wright & Pugh,* 2 *Doug.* 665. *Abitbol v Bristow,* 1 *Serg. & Lowb.* 454. *United States v Vickery,* 1 *Harr. & Johns.* 437. 3d. That the averment does not show a want of title to recover. 1 *Chitty's Plead.* 233, 234, &c. *Towson v The Havre-de-Grace Bank,* 6 *Harr. & Johns.* 47.

On the appellant's *second point,* he contended—1. That the proof was, that the defendant harboured the apprentice on the 1st of July, and continued to do so for eleven months. The advertisement was inserted on the 4th of July, in a newspaper which was taken by the defendant. The offence was committed daily from the 4th of July. *Winsmore v Greenbank, Willes,* 583, 584. *Blake v Lanyon,* 6 *T. R.* 221. An advertisement in a newspaper, taken by the party, is some *evidence* of knowledge. If it were not so, why is it ever resorted to? A contrary position would seem to be absurd and extravagant. *Chase v Taylor,* 4 *Harr. & Johns.* 60, 61. *Leeson v Holt,* 2 *Serg. & Lowb.* 349. *Jenkins v Blizard, Ib.* 451. 2d. There was further evidence of knowledge in the record.

For when called on for compensation by the plaintiff, the defendant showed no surprise, and did not deny knowledge of the apprenticeship.     3d. Courts should be extremely cautious not to trench so far, on the province of the jury, as to weigh the force of testimony.  1 *Stark. Evid.* 398. *Laidlaw v Organ*, 2 *Wheat.* 178. *Etting v Bank of United States*, 11 *Wheat.* 59. *Davis v Davis, et al.* 7 *Harr. & Johns.* 36. *Moreis & Brickley v Caldwell*, 1 *Harr. & Gill*, 107.     4th. In an action of *assumpsit*, no evidence of knowledge would have been necessary. *James v Le Roy*, 6 *Johns. Rep.* 274.

On the *third point* of the appellant, he insisted, 1. That the averment of demand and refusal, &c. was also impertinent, and therefore surplusage, and need not be proved.  2 *Chitty's Plead.* 310, *(269.)* 4 *Bac. Ab.* tit. *Master & Servant*, *(O)* 593. *Blake v Lanyon*, 6 *T R.* 221.  3 *Blk. Com.* 141, 142. *(notes.) Winsmore v Greenbank, Willes*, 582.    2d. That the advertisement was evidence to all the world that the plaintiff had not given up his right to the apprentice, and imports a demand for his return from whomsoever held him.    3d. That the demand for compensation, and refusal to make it, must be understood, after verdict, to have been within the eleven months. This satisfies the averment. 4th. The averment is one of those legal intendments which need not be proved.   It is like those in counts for money had and received, &c. where a demand and refusal are always alleged.   Here liability to pay follows the harbouring of a servant with knowledge, &c.  1 *Chitty's Plead.* 322.

Dorsey, J. delivered the opinion of the Court.   There being no evidence to support the *first count* in the declaration, the refusal of the county court to grant the defendant's prayer, "that upon all the evidence and the pleadings in the cause, the plaintiff was not entitled to recover," can only be sustained by its appearing that all the material allegations in the *second count*, have been established by proof before the jury.

No principle of pleading is more firmly settled, than that whether the action be in debt, *assumpsit* or tort, if it be necessary to allege a contract in the declaration, such allegation requires proof corresponding therewith.

To entitle the plaintiff below to recover, he must allege the tenor or substance and legal effect of the indenture of apprenticeship. He has attempted to conform to this requisition by stating that "*John Holland* then, and from thence hitherto," (that is, until the 17th of July 1822,) was his apprentice. His statement is falsified by the proof, which shows that the contract of apprenticeship expired on the 1st of July 1822, in virtue of the proceedings in *Baltimore* city court.

There being then an essential variance between the contract alleged, and that made out in proof, the county court ought to have instructed the jury, as they were required to do, that upon all the evidence and pleadings in the cause, the plaintiff was not entitled to recover. And these words "and from thence hitherto," being of the very substance of the contract, cannot be rejected as surplusage. But suppose they were, the condition of the appellee is not changed for the better. Strike out those words, and the plaintiff below sets forth in his pleadings no cause of action, but for harbouring his apprentice on the 1st of July 1821. To sustain which the proof offered is wholly insufficient—A knowledge of the apprenticeship by *Ferguson*, during the harbouring, being an indispensable requisite to recovery; and the testimony adduced not even insinuating such knowledge anterior to the 4th of July 1821.

Other grounds have been assigned for the reversal of this judgment; and as this case must be sent back on *procedendo*, it is right that this court should not pass them over in silence. It is insisted that the defendant's instruction ought to have been given; because the proof of knowledge of the apprenticeship in *Ferguson*, was too light and inconclusive to have been left to the jury to find that fact. This court think otherwise. It is true, the facts in evidence fall far short of full or conclusive proof; and we by no means intimate, that we would have drawn from them the same conclusion which has been found by the jury. But it by no means follows, even if the verdict would not be satisfactory to the minds of the court, that they would feel themselves authorised to withdraw from the jury the consideration of the facts. This prerogative of the court is never exercised, but in cases where the evidence is so indefinite and unsatisfactory that nothing but wild, irrational conjec-

ture, or licentious speculation, could induce a jury to pro-
nounce the verdict which is sought at their hands.    The testi-
mony here cannot be viewed in that light.    The conduct of
*Ferguson*, when payment was demanded for the services, and
notice given of the apprenticeship of *Holland*, were such as
cannot fail to excite strong suspicions, that he knowingly har-
boured him.    Few men, under such circumstances, if the in-
formation were new, would have failed to evince some surprise
at it; and still more, few would have hesitated to rescue their
conduct from censure or suspicion, by asserting their ignorance
of a fact, the knowledge of which was necessarily imputed by
the demand.    When in corroboration of the inferences deriva-
ble from the acts of *Ferguson*, we advert to his daily receipt
of the newspaper containing the information ascribed to him,
we think it would be transcending the powers of the court,
and stretching the right of instruction further than it has ever
yet been carried in this state, to refuse to permit the testimony
to be weighed by the jury, whatever may be our opinions as
to the result to which their deliberations ought to lead them.

Another ground on which the appellant relies for the reversal
of the judgment is, that inasmuch as it appears, that at the time
of the employment of *Holland*, *Ferguson* knew not of the
apprenticeship, no action can be maintained against him, until
after a demand of the apprentice, and a refusal to deliver him
up; a position not unsupported by authority, as appears by re-
ference to *Norris's Peake's Ev.* 545. 3 *Stark. Ev.* 1310. *Wins-
more v Greenbank*, *Willes*, 582. 3 *Blk. Com.* 141. But to
this doctrine we are not disposed to subscribe our assent. Al-
though at the time of hiring, *Ferguson* may have been igno-
rant of the apprenticeship of *Holland*, yet, if after obtaining
that information, he continued to harbour him, he is liable to
an action at the suit of the master, without any proof of either
demand or refusal. Whether the knowledge be possessed be-
fore the hiring, or after the hiring, is immaterial, either as we
regard the nature of the injury, or its consequences upon socie-
ty. As soon as the new master acquires the knowledge, he is
bound to discharge the apprentice, that he may not hold out to
him an inducement not to return to his original master. And
his obligation to do so is equally imperious, whether the mas-

ter remain in total ignorance where his apprentice may be found, or knowing that fact, make a regular demand of him. Such is the policy of our law, as evinced by the act of 1793, *ch.* 45, *s.* 8. Such is the doctrine in *England*, as established by the King's Bench, in *Blake v Lanyon*, 6 *T. R.* 221.

The demand and refusal charged in the declaration in this case, being the unnecessary averment of the breach or infringement of the contract stated, need not be proved, and may be rejected as surplusage.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.